UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UJU ONUACHI,

        Plaintiff,

   v.

MASTER BUILDERS, INC., et al.,

        Defendants.

Case No. 1:19-cv-358

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On May 13, 2019, Plaintiff, proceeding pro se, paid the requisite filing fee and filed an 82-page complaint in this Court, asserting seven separate causes of action. (Doc. 1). Pursuant to local practice, this case has been referred to the undersigned magistrate judge. For the following reasons, this case should be dismissed, or alternatively, should be transferred to the U.S. District Court for the District of Nebraska.

**I.    Screening Authority**

In *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999), the Sixth Circuit affirmed the district court's authority to *sua sponte* dismiss a non-prisoner *pro se* complaint for lack of jurisdiction "at any time" where the filing fee has been made, "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open for discussion." *Id.* at 479. Plaintiff's complaint is subject to dismissal under this standard. Upon preliminary review, it is apparent that venue is improper. However, in attempting to ascertain whether (and where) to transfer this case, it quickly

became apparent to the undersigned that no basis for federal jurisdiction exists, making transfer of venue to Nebraska (the most appropriate venue) at least arguably a waste of judicial resources.

At this juncture, the undersigned takes judicial notice of the fact that the same plaintiff has filed numerous similar prior cases in both state and federal courts, all of which have been dismissed. Recently, in U.S. District Court of Nebraska Case No. 4:18-cv-03147, Senior U.S. District Judge Laurie Smith Camp recounted Plaintiff's extensive history of filing multiple related frivolous cases concerning the same subject matter (his 1999 work-related injuries), and entered a permanent injunction enjoining Plaintiff "from filing any further complaints, pleadings, motions, or other items with this Court based on the same subject matter…including the work-related injuries alleged in his Amended Complaint…and any alleged fraudulent conduct related to that injury." Case No. 4:18-cv-03147-LSC-MDN, (Doc. 112, Memorandum and Order of 12/31/18). The Nebraska Court also invited Defendants in that case to file a motion for their attorney's fees.

It appears that Plaintiff chose the Southern District of Ohio as his latest venue in which to file suit based in part on the permanent injunction issued by the Nebraska federal court. The complaint filed in this case appears to be so closely related to Plaintiff's prior (frivolous) litigation as to constitute a violation of Rule 11, Fed. R. Civ. P., which applies even to pro se litigants and which authorizes the imposition of sanctions if a party files a complaint that is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Rule 11(b)(2). A Court may impose such sanctions on its own initiative. Rule 11(c)3).

### A. Improper Venue in this District

Plaintiff has identified nine businesses or entities as Defendants in this case. However, only one of those Defendants, identified as "Master Builders Inc. d/b/a Harry S. Peterson Company, a/k/a "SKW MBT Services Inc." is alleged to reside and/or do business in Ohio.  (Doc. 1 at 3, ¶3).

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

*Id.*

Pursuant to the allegations of the complaint, the lone Ohio Defendant is alleged to reside in Medina, Ohio, which is located in the Northern District of Ohio.  All other Defendants (and Plaintiff) are alleged to reside in Nebraska, except for "The Western Group," which is alleged to be Missouri corporation.  Aside from the reference to the single Ohio Defendant, the only other connection to Ohio is Plaintiff's allegation that on or about August 8, 1999 while working at a garage located in Cleveland, Ohio "in the scope and course of [Plaintiff's] employment with one of the Defendants or all of the Defendants….Plaintiff injured his low back area…." (*Id.* at 7, ¶25).  Cleveland, the alleged site of Plaintiff's original back injury, also is in the Northern District of Ohio.

It is clear that venue does not lie in this district, but lies, if at all, in Nebraska and/or (possibly) in the Northern District of Ohio.  Adding to the conclusion that venue in this Court is improper is the fact that the bulk of the complaint challenges prior rulings made by the Nebraska Workers' Compensation Court and/or by the Nebraska Court of Appeals.

3

(Doc. 4-5). In general, claims for workers' compensation benefits are to be heard in state court, not in federal court. Indeed, Plaintiff does not identify any basis for federal jurisdiction.

### B. Lack of Federal Jurisdiction/ Failure to State a Claim

Just as it is clear that venue does not lie in this Court, so too is it clear that there is no basis for diversity jurisdiction, because multiple Defendants and Plaintiff all reside in Nebraska. *See generally* 28 U.S.C. § 1332. Thus, the only remaining possible basis for federal jurisdiction lies under 28 U.S.C. § 1331, which provides federal district courts with original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." However, six of Plaintiff's seven articulated claims appear to arise under state law, and not federal law. *See, e.g.*, Claims 1-4, 6-7. As stated, the bulk of Plaintiff's complaint seeks to relitigate various prior rulings made by the Nebraska "Workers' Compensation Court" and other appellate rulings by the Nebraska courts. Federal courts generally lack original jurisdiction over such claims.

Only Plaintiff's fifth claim suggests the possibility of a federal claim; however, that claim appears time-barred on its face because it is based upon actions by two Nebraska Defendants that allegedly occurred twenty years ago, in 1999. Specifically, Plaintiff alleges that Defendants Meylan Enterprises Inc. and the Alliance Group Inc, failed to provide Plaintiff with a "light duty" job and/or fired him on or about September 20, 1999, based upon his race and disability. (Doc. 1 at 68, ¶ 251). No matter what state's statute of limitation is used or how liberally construed, Plaintiff's allegations from 1999 fail to state any non-frivolous federal discrimination claim against any defendant.

## II. Conclusion and Recommendation

Ordinarily, when a litigant has initiated a federal case in a court where venue does not exist, the court retains the discretion to transfer the case to any district court in which venue would be proper. In this instance, the most appropriate venue would lie in the U.S. District Court of Nebraska. However, cases that fail to state any basis for the exercise of federal jurisdiction should be dismissed rather than transferred in the interest of judicial economy. *See generally Emrit v. Trump*, 2019 WL 140107 (S.D. Ohio Jan 9, 2019) (R&R recommending dismissal rather than transfer of venue where plaintiff was a serial vexatious litigator), adopted at 2019 WL 935028.

For the reasons stated above, **IT IS THEREFORE RECOMMENDED THAT** this case be **DISMISSED** for lack of jurisdiction and/or for failure to state any claim. **IT IS FURTHER RECOMMENDED THAT** Plaintiff be forewarned that the instant complaint appears to be so closely related to prior frivolous cases filed in the District of Nebraska as to violate Rule 11, Fed. R. Civ. P., and that any future filings in this U.S. District Court concerning the same subject matter therefore will be summarily dismissed. In the alternative, the undersigned recommends transfer to the District of Nebraska for further proceedings, including sanctions if appropriate.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UJU ONUACHI,

        Plaintiff,

  v.

MASTER BUILDERS, INC., et al.,

        Defendants.

Case No. 1:19-cv-358

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).